
Case 2:14-cv-05332-ADS-AYS   Document 17   Filed 02/17/15   Page 1 of 3 PageID #: 90

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TAM:JHK
F.#2014V02219

610 Federal Plaza
Central Islip, New York 11722

February 17, 2015

<u>**VIA ECF**</u>

Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11722

      Re:    <u>USMMAAAF v. United States Department of Transportation, et al.
             Civil Action No. 14 CV 5332 (Spatt, J.)(Brown, M.J.)</u>

Dear Magistrate Judge Brown:

      This Office represents Defendants in the above-captioned Freedom of Information Act ("FOIA") action. Defendants respectfully submit this letter motion to request that the Court reconsider its ruling that Defendants produce a <u>Vaughn</u> index[1] contemporaneously with their responses to plaintiff's six outstanding FOIA requests, which are due to be produced to plaintiff by May 29, 2015. <u>See</u> Civil Conference Minute Order, Docket No. 16. As set forth herein, producing a <u>Vaughn</u> index at the same time as Defendants continue to process plaintiff's outstanding FOIA requests would be premature as well as burdensome.

      The Court will recall that among the issues discussed during the parties' initial conference on February 9, 2015 was the timing of Defendants' <u>Vaughn</u> index. The parties advised the Court, <u>inter alia</u>, that plaintiff served a total 11 FOIA requests on Defendants, consisting of over 60 sub-parts - many of which were duplicative in nature. To date, Defendants have processed and closed five of the requests[2] and partially responded to the remaining six. In so doing Defendants have produced over 17,600 pages of documents to plaintiff. Plaintiff claims that many of the documents it has received to date have been heavily redacted and requested a <u>Vaughn</u> index. However, for each such redaction, Defendants

---

[1] The <u>Vaughn</u> index derives its name from <u>Vaughn v. Rosen</u>, 484 F.2d 820, 827 (D.D.C. 1973).

[2] The Court has determined that a <u>Vaughn</u> index for the five FOIA requests that Defendants have closed will be produced "at a later date." <u>See</u> Docket No. 16.

2

specified the FOIA exemption(s) upon which it relied in making the redaction. The FOIA requires nothing more at this stage of the litigation. All that the FOIA requires is that when any segregable portion of responsive record is provided after the deletion of portions that are exempt, the exemption under which the deletion is made shall be indicated on the released portion of the record unless that indication would harm an interest protected by the exemption under which the deletion is made. See 5 U.S.C. § 552(b).

As Defendants maintained, the government typically submits a Vaughn index to the Court after it has closed a party's FOIA request(s) as part of the briefing concerning the assertion of various exemptions set forth in the FOIA at 5 U.S.C. § 552(b). See Vaughn, 484 F.2d at 822. The government's position is supported by Vaughn and its progeny. Significantly, a Vaughn index is not required in every case. Indeed, "when the facts in plaintiff's possession are sufficient to allow an effective presentation of its case, an itemized and indexed justification of the specificity contemplated by Vaughn may be unnecessary." Brown v. Federal Bureau of Investigation, 658 F.2d 71, 74 (2d Cir. 1981). Here, until Defendants complete their search and produce the remaining documents responsive to plaintiff in late May, plaintiff will not be in a position to determine whether "the facts in [its] possession are sufficient" to effectively present its case. Brown, 658 F.2d at 74. For this reason, the Court should reconsider its ruling that Defendants produce a Vaughn index for plaintiff's outstanding FOIA requests on May 29, 2015.

In addition, "[t]he courts created the concept of a Vaughn index as a tool to *'assist the trial court* in its de novo review' of agency refusals to disclose materials or portions of materials." Ferguson v. FBI, 729 F. Supp. 1009, 1012 (S.D.N.Y. 1990) (emphasis added). Therefore, until Defendants close plaintiff's outstanding FOIA requests and the parties' move on to briefing, the need for a Vaughn index to assist the Court does not exist. For this additional reason, requiring Defendants to produce a Vaughn index contemporaneously with document production would be premature.

Based on the foregoing, Defendants respectfully submit that the Court should reconsider its ruling that Defendants should produce a Vaughn index by May 29, 2015. Rather,

3

Defendants respectfully request that they be permitted to complete the processing of plaintiff's six outstanding FOIA requests and once they have done so, the question of the necessity for a <u>Vaughn</u> index may be addressed.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:    s/ *James H. Knapp*
       James H. Knapp
       Assistant United States Attorney
       (631) 715-7879

cc:    <u>VIA ECF</u>
       Victoria Safran, Esq.
       Sentner Safran, LLP
       Attorneys for Plaintiff